

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00021-CV

SHAWN DUNN,

                                                    Appellant

 v.

CORYELL COUNTY JAIL,

                                                    Appellee

From the 52nd District Court
Coryell County, Texas
Trial Court No. 39750

## MEMORANDUM  OPINION

Shawn Dunn appeals from the trial court's order dismissing his cause of action against the Coryell County Jail, the Sheriff of Coryell County, and the Jail Administration.  We affirm.

### Background Facts

Dunn filed suit against the Coryell County Jail on his own behalf and on behalf of other inmates.  His petition alleged violations of the Sixth Amendment of the United States Constitution in that the sheriff and jail administration denied inmates contact

with counsel, transferred inmates improperly, and illegally injected inmates with vaccines. The Coryell County Attorney filed a motion to dismiss the claims, and the trial court granted the motion and entered an order dismissing all claims.

## Argument

Dunn argues on appeal that the trial court erred in finding the claims malicious and frivolous and in dismissing the claims. Chapter 14 of the Texas Civil Practice and Remedies Code is applicable to inmate litigation. Section § 14.003 provides in relevant part:

> (a) A court may dismiss a claim, either before or after service of process, if the court finds that:
>
> (1) the allegation of poverty in the affidavit or unsworn declaration is false;
> (2) the claim is frivolous or malicious; or
> (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.
>
> (b) In determining whether a claim is frivolous or malicious, the court may consider whether:
>
> (1) the claim's realistic chance of ultimate success is slight;
> (2) the claim has no arguable basis in law or in fact;
> (3) it is clear that the party cannot prove facts in support of the claim; or
> (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002).

The motion to dismiss alleges that Dunn's petition is frivolous and malicious because the claims 1) do not have a reasonable chance of ultimate success, 2) do not

have an arguable basis in law or in fact, and 3) do not allege a legal cause of action upon which any relief can be granted.

When the trial court's order dismissing an indigent inmate's claims does not state the grounds on which the trial court granted the dismissal, the inmate must show on appeal that each of the grounds alleged in the respective motion to dismiss is insufficient to support the trial court's order. *Summers v. State*, 256 S.W.3D 752, 755 (Tex. App.—Beaumont 2008, no pet.). A trial court has broad discretion to dismiss an indigent inmate's Chapter 14 lawsuit as frivolous or malicious, and we reverse its decision only if the court abused its discretion. *Id*. A trial court abuses its discretion if it acts without reference to the pertinent guiding rules or principles. *Id*.

After reviewing the record, we find that the trial court did not abuse its discretion in dismissing the claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (b) (West 2002). We have considered all of Dunn's complaints on appeal, and all are overruled.

## Conclusion

We affirm the trial court's judgment.


                                        AL SCOGGINS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 21, 2011
[CV06]